UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH HANCOCK, TAMERA THOMAS
AND JASON DESSINGUE,

                      Plaintiffs,

    -against-                      **Civil Case No. 1:13-CV-1184 (FJS/RFT)**

THE COUNTY OF RENSSELAER,
JAMES KARAM, ANTHONY PATRICELLI,
JACK MAHAR, and ELAINE YOUNG,

                      Defendants.
_____

## *MEMORANDUM OF LAW*

_____

                      CARTER, CONBOY, CASE, BLACKMORE,
                          MALONEY & LAIRD, P.C.
                      Attorneys for Defendants, The County of Rensselaer,
                      Anthony Patricelli, James Karam and Jack Mahar
                      Office and P.O. Address
                      20 Corporate Woods Boulevard
                      Albany, NY  12211-2362
                      Phone: (518) 465-3484

## PRELIMINARY STATEMENT

The defendants, The County of Rensselaer, Anthony Patricelli, James Karam and Jack Mahar, respectfully submit the following Memorandum of Law in support of defendants' motion for an Order dismissing plaintiffs' Complaint against defendants Patricelli and Karam, dismissing the second cause of action in its entirety, and dismissing co-defendant Elaine Young's cross-claim, together with such other and further relief as the Court may deem just and proper.

## STATEMENT OF FACTS

The court is respectfully referred to the complaint for all of the facts necessary for the court to resolve this motion. As the court well knows, the court is limited to the four corners of the complaint and any attached exhibits in resolving a motion to dismiss under Rule 12(b)(6). Grant v. County of Erie, 2013 U.S. App LEXIS 20976 at ¶3 (2d Cir. October 17, 2013)

The complaint alleges causes of action under 42 U.S.C. §1983, as well as the Computer Fraud Abuse Act which has incorrectly been cited as 18 U.S.C. §2721. See Complaint ¶1. In discussing the identities of the parties, defendant Karam is mentioned as being a duly appointed lieutenant at the Rensselaer County Jail. See Complaint ¶7. Defendant Patricelli is discussed in ¶8 of the Complaint, which states that he was and remains the duly appointed first sergeant at the Rensselaer County Jail. The facts of the Complaint are found at ¶¶11-45, which state that medical records of each plaintiff were accessed one time by someone at the Rensselaer County Jail. See ¶22 (plaintiff Hancock's records allegedly accessed on January 9, 2009); ¶29 (plaintiff Thomas' records

allegedly accessed on January 26, 2007); and ¶37 (plaintiff Dessingue's records allegedly accessed on August 23, 2011). The complaint states that Sheriff Mahar directed employees of the Sheriff's Department to access these records (¶41), and that the account of co-defendant Young had been used for that purpose (¶42). Nowhere in the 35 paragraphs comprising the facts of the complaint, is any conduct of either defendant Patricelli or Karam described. Aside from their respective descriptions in the party section of the complaint, these two defendants are not mentioned anywhere else.

Defendant Young has recently answered, and brings a cross-claim for contribution/ indemnification as of the filing of November 19, 2013. For the reasons set forth below, that cross-claim fails as a matter of law.

## STANDARD OF REVIEW

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court must accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The pleading does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Ashcroft v. Iqbal, 556 U.S. 662 (U.S. 2009). A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do. Ashcroft v. Iqbal, 556 U.S. at 678. Nor does a complaint suffice if it tenders "naked assertions devoid of "further factual enhancement". Id. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. at 679. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id.

Rule 12(b) provides that to the extent that the court decides to consider matters outside of the complaint in ruling on a motion pursuant to Rule 12(b)(6), "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Carter v. Stanton, 405 U.S. 669 (1972). Although this provision is not applicable to motions under other rules, it is mandatory with respect to motions pursuant to Rule 12(b) (6). Carter v. Stanton, 405 U.S. at 671.

3

## POINT I

## THE COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT OF EITHER DEFENDANT KARAM OR PATRICELLI AND AS SUCH, THE ENTIRE COMPLAINT MUST BE DISMISSED AS TO THEM

It is well settled law in this Circuit that in order to establish a defendants' liability in a suit brought under 42 U.S.C. §1983, plaintiff must show defendants' personal involvement in the alleged constitutional deprivation. Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted).

Here the complaint is silent as to any involvement of either defendant Karam or Patricelli in anything, let alone any violation of a federal or constitutional right. As such, the complaint should be dismissed in all respects as to these defendants.

## POINT II

## PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE THE INJURIES ALLEGED BY PLAINTIFFS WOULD NOT APPLY TO 18 USCS §1030 SO AS TO WARRANT A CIVIL SUIT.

Under 18 USCS §1030, the Computer Fraud and Abuse Act, a party shall not intentionally access a computer without authorization or exceed authorized access, and thereby obtain information from any protected computer. 18 USCS §1030(a)(2)(C). As used in this section the term "protected computer" means a computer (A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or (B) which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that

is used in a manner that affects interstate or foreign commerce or communication of the United States. 18 USCS §1030(e)(2). For purposes of this motion, defendants will assume that the computer used meets category (B).

There is a civil lawsuit remedy in 18 USCS §1030 available to plaintiffs which is made explicit in 18 USCS §1030(g) reading as follows:

> (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses [subclause] (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

In order to bring a civil action under this section, the injury must fall within one of the categories prescribed in (c)(4)(A)(i). Garland-Sash v. Lewis, 2007 U.S. Dist. LEXIS 20909 (S.D.N.Y. 2007). The factors of (c)(4)(A)(i) listed in pertinent part read as follows:

(i)  loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $ 5,000 in value;
(ii)  the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
(iii)  physical injury to any person;
(iv)  a threat to public health or safety;
(v)  damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security; or

5

> (vi)   damage affecting 10 or more protected computers during any
> 1-year period.

The only factor under §1030 (c)(4)(A)(i) that is at issue is §1030(a)(5)(B)(i) as the plaintiff has not claimed injury under the other four and they cannot be said to apply here. Where such a Complaint fails to allege the requisite $ 5,000 in damages required to maintain a civil action under §1030(a)(5)(B)(i) the claim must be dismissed. Motorola Credit Corp. v. Uzan, 2002 U.S. Dist. LEXIS 19632 (S.D.N.Y. 2002).

Loss under §1030(a)(5)(B)(i) is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damages assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." Garland-Sash v. Lewis, 2007 U.S. Dist. LEXIS at 10. If the plaintiffs have suffered only "loss," the statute requires the plaintiffs to establish a jurisdictional threshold, or "loss" aggregating at least $ 5,000 in value, to maintain a cause of action. 18 U.S.C. §1030(a)(5)(B)(i).

In Frees, Inc. v. McMillian, 2007 U.S. Dist. LEXIS 57211 (W.D.La. 2007) the Court found that the CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The Frees, Inc. Court found that compensatory damages is not defined by the CFAA, but because "compensatory damages" is a legal term of art, it is presumed that Congress intended to incorporate its established meaning into the statute. Frees, Inc. v. McMillian, 2007 U.S. Dist. LEXIS at 13. Hence, it is presumed that "compensatory damages" means "damages sufficient in amount

to indemnify the injured person for the loss suffered." Id., See also, Black's Law Dictionary (8th ed. 2004). The term includes all damages *other than punitive or exemplary damages* (emphasis added) Id., 22 Am. Jur. 2d Damages § 24 (emphasis added).

The Court in Frees, Inc. further found that the damages recoverable for violating the CFAA are limited to "economic damages." Frees, Inc. v. McMillian, 2007 U.S. Dist. LEXIS at 14; See also, 18 U.S.C. § 1030(g). The term "economic damages" was not statutorily defined, but courts have consistently held that this term has its ordinary meaning, i.e., simply prohibiting damages for pain and suffering, emotional distress, and other like damages. Id. Ultimately, the Court in Frees, Inc. found that the terms "damage" and "loss" are terms of art used to define a jurisdictional threshold; they do not control or limit what damages are available in a civil action if the substantive and threshold standards are not met. Frees, Inc. v. McMillian, 2007 U.S. Dist. LEXIS at 16.

The Court in Nexans Wires S.A. v. Sark-USA, Inc., 319 F.Supp. 2d 468 (S.D.N.Y. 2004), aff'd, 2006 U.S. App. LEXIS 3619 (2d Cir. 2006), found "loss" under the CFAA to mean any remedial costs of investigating the computer for damage, remedying the damage, and any costs incurred because the computer cannot function while or until repairs are made. The Nexans Court also found, however, that there is no basis to suggest that the "loss" or costs alleged under the CFAA can be unrelated to a computer. In Nexans, the plaintiffs' allegation of "loss" in their complaint simply tracked the language of the CFAA, stating flatly that they had suffered a "loss" of at least $5,000 in value. Nexans, 319 F.Supp. 2d at 472. Upon order from the Court, plaintiffs made a showing that their $5,000 "loss" stemmed from the cost of two business trips taken for the purpose of "conducting a damage

assessment" and "responding to the offense," loss of good will, and lost business opportunity. The Nexans Court found that these alleged losses were not related to the computer in question and therefore did not constitute sufficient loss to satisfy the $5,000 threshold under the CFAA. Nexans, 319 F. Supp. 2d at 478.

Comparing 18 USCS §1030(g) to the facts at hand, plaintiffs would need to allege and prove that defendants' actions caused the plaintiffs to sustain an economic loss aggregating at least $5,000 in value within one year. Plaintiffs would need to allege and prove that as a result of defendants' alleged access of their medical records, they sustained economic loss which does not include pain and suffering, emotional distress, or other like damages, which have already been pled in the first cause of action. It is respectfully submitted that no such loss has been pled, nor can it be proved.

In order to meet the jurisdictional threshold under the CFAA, such loss must consist of the cost of responding to an offense, conducting a damages assessment, and restoring the data, program, system, or information to its condition prior to the offense, or any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service. Plaintiffs' Complaint fails to mention any of these damages in their claim under the CFAA. Plaintiffs have made only a bald assertion that "As a direct and proximate result of the unconstitutional acts described above, Plaintiffs have each suffered injury in an amount greater than $5,000". See Plaintiffs' Complaint at 10. The Complaint fails to state the kind of injury alleged and whether the damages claimed are even economic. Adding the required $5,000 into their Complaint without any attempt to clarify the type of injury causing this damage is insufficient. Therefore, as the plaintiff's damages

are insufficient to sustain a civil suit under the Computer Fraud and Abuse Act, their second cause of action should be dismissed.

### PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED AGAINST THE COUNTY OF RENSSELAER, JAMES KARAM, ANTHONY PATRICELLI, AND JACK MAHAR BECAUSE THESE DEFENDANTS DID NOT PERSONALLY VIOLATE THE COMPUTER FRAUD AND ABUSE ACT.

In Garland-Sash v. Lewis, 2007 U.S. Dist. LEXIS at 12, the Court found that the Computer Fraud and Abuse Act does not provide a cause of action against individuals who fail to supervise violators, fail to train them properly or conspire to cover up their misconduct. The Court in Garland-Sash dismissed Plaintiff's claims against the defendants collectively referred to as the Federal Bureau of Prisons Officials (hereinafter BOP Officials) finding that the CFAA creates only a limited private right of action against the violator, not those overseeing the violator's actions. In making its findings, the Court cited Section 1030(g) which provides, in relevant part: "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against *the violator* to obtain compensatory damages" 18 U.S.C. § 1030(g) (emphasis added) Id. The Court concluded that the CFAA does not provide a cause of action against individuals who may be responsible for the actions of violators but were not personally involved in the violations of the CFAA. Id.

In addition, the Court in Doe v. Dartmouth-Hitchcock Med. Ctr., 2001 U.S. Dist. LEXIS 10704 (D.N.H. 2001) found that expanding the private cause of action created by Congress under the CFAA to include one for vicarious liability against persons who did not act with criminal intent and cannot be said to have violated the statute would be entirely

inconsistent with the plain language of the statute. As in Garland-Sash, the Court in Doe found that a party cannot be held liable under the CFAA for the intentional violations of another. Doe v. Dartmouth-Hitchcock Med. Ctr., 2001 U.S. Dist. LEXIS at 13. In Doe, a medical professional and her superiors were sued under the CFAA when the medical professional intentionally accessed the private medical information of the plaintiff without authority. Id. The Doe Court dismissed the cause of action against the supervisors finding that the CFAA provides a private right of action only against the actual violator. Doe v. Dartmouth-Hitchcock Med. Ctr., 2001 U.S. Dist. LEXIS at 16.

In addition, the Doe Court found that it is unlikely that the CFAA's civil action provisions cover a physician's unauthorized review of computerized medical records because Congress did not intend to provide a federal civil remedy for what is essentially a state common law tort- invasion of privacy. Doe v. Dartmouth-Hitchcock Med. Ctr., 2001 DNH at 11.

The Court in Nexans Wires S.A. v. Sark-USA, Inc., 319 F. Supp. 2d 468 (S.D.N.Y. 2004) distinguishes itself from the Court in Doe by finding that when the violating employees are alleged to have acted at the direction of supervisors, those supervisors may be civilly liable under the CFDAA. Unlike Nexans however, in Doe much like the case at hand, the employees in question violated explicit company policy by reviewing confidential computerized information to the detriment of the employer. Nexans Wires S.A. v. Sark-USA, Inc., 319 F. Supp. 2d at 472.

10

Here, defendants County of Rensselaer, James Karam, Anthony Patricelli, and Jack Mahar did not personally violate and were not personally involved in the unauthorized review of Plaintiffs' computerized medical records. Much like the facts in <u>Garland-Sash</u> and <u>Doe</u>, these defendants shared only a supervisory role over Ms. Young and the nursing staff having access to computerized medical records. Plaintiffs concede in their Complaint that the access to the Hospital's electronic medical records system was provided to the RCJ nursing staff. See <u>Plaintiffs' Complaint</u> at 3. Plaintiffs have failed to make a showing in their Complaint that the above listed defendants personally violated the CFAA or that they were even given access to the electronic medical records in question. Stating only that Ms. Young left her password on her desk offers no proof that these defendants used the password to access the records. As the Courts in <u>Garland-Sash</u> and <u>Doe</u> found, a supervisor cannot be held liable for a cause of action under the CFAA for the intentional violations of employees. Therefore, the second cause of action under the CFAA against the County of Rensselaer, James Karam, Anthony Patricelli, and Jack Mahar should be dismissed for this reason as well.

## POINT III

## DEFENDANT YOUNG'S CROSS CLAIM MUST BE DISMISSED AS IT FAILS AS A MATTER OF LAW

In Firestone v. Berrios, 2013 U.S. Dist. LEXIS 8535 (E.D.N.Y. 2013) the Court dismissed defendant's cross claim for contribution and indemnification. The Court in Firestone noted that there are important substantive distinctions between contribution and indemnity: in contribution the loss is distributed among tort-feasors, by requiring joint tort-feasors to pay a proportionate share of the loss, while in indemnity the party held legally liable shifts the entire loss to another. Firestone v. Berrios, 2013 U.S. Dist. LEXIS at 38.

The Firestone Court found that "there is no federal right to indemnification under §1983" citing Taifer v. Catherines Stores Corp., 2008 U.S. Dist. LEXIS 109883 (S.D.N.Y. 2008) where the Court there also dismissed defendant's cross claim for indemnification as a matter of law by making the same finding; see also, Hayden v. Hevesi, 2007 U.S. Dist. LEXIS 10336 (W.D.N.Y. 2007).

The Court in Firestone also found that "no right to contribution exists under §1983" citing Castro v. County of Nassau, 739 F. Supp. 2d 153 (E.D.N.Y. 2010) where the Court also dismissed a defendant's cross claim for contribution as a matter of law by making the same finding; see also, Crews v. County of Nassau, 612 F. Supp. 2d 199 (E.D.N.Y. 2009).

Defendant Elaine Young in her answer filed on 11/19/13 asserted a cross claim for indemnification and contribution under 42 U.S.C. §1983. As a result of the above discussion, her cross claim should be dismissed as a matter of law, as the Courts above have found there exists no right to indemnification or contribution under 42 U.S.C. §1983.

## CONCLUSION

It is respectfully submitted that the complaint should be dismissed in its entirety as to defendants Karam and Patricelli, as the complaint fails to allege any personal involvement on their behalf in any violation of a federal or constitutional right. The second cause of action should be dismissed as to all moving defendants, as the facts in this case clearly do not support a cause of action under the Computer Fraud and Abuse Act. Lastly, defendant Young's cross claim should be dismissed, as she has no right to seek contribution or indemnification under 42 U.S.C. §1983.

DATED: December 2, 2013

Respectfully submitted,

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By: *James A. Resila*
JAMES A. RESILA
Bar Roll No. 102434
Attorneys for Defendants, The County of Rensselaer, Anthony Patricelli, James Karam and Jack Mahar
Office & P.O. Address
20 Corporate Woods Boulevard
Albany, NY 12211-2362
Phone: (518) 465-3484
E-Mail: jresila@carterconboy.com