UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

KEITH HANCOCK, TAMERA THOMAS,
JASON DESSINGUE,

                      Plaintiffs,                Civil Action No.: 1:14-CV-1184
      v.                                          (NAM/CFH)

THE COUNTY OF RENSSELAER, JAMES
KARAM, ANTHONY PATRICELLI, JACK
MAHAR, and ELAINE YOUNG,

                      Defendants.

───────────────────────────────────────────────

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

                                                      Elmer Robert Keach, III, Esquire
                                                        LAW OFFICES OF ELMER ROBERT
                                                        KEACH, III, PC
                                                        1040 Riverfront Center
                                                        P. O. Box 70
                                                        Amsterdam, NY 12010
                                                       Telephone: 518.434.1718
                                                       Telecopier: 518.770.1558
                                                       Electronic Mail:
                                                       bobkeach@keachlawfirm.com

                                                       **ATTORNEY FOR PLAINTIFFS**

## PRELIMINARY STATEMENT

Plaintiffs Keith Hancock, Tamera Thomas, and Jason Dessingue (hereinafter "Plaintiffs"), respectfully submit this Memorandum of Law in Opposition to the Motion for Partial Dismissal submitted by Defendants County of Rensselaer, Anthony Patricelli, James Karam and Jack Mahar. Specifically, the Defendants claim that Plaintiffs have failed to allege sufficient personal involvement by Defendants Karam and Patricelli, and further seek dismissal of the Plaintiffs' claims under the Computer Fraud and Abuse Act, as pled in their second cause of action. The Defendants do not seek dismissal of the Plaintiffs' claim for a violation of their right to privacy under the Fourteenth Amendment. Plaintiffs respectfully request that Defendants' Motion to Partially Dismiss Plaintiffs' Complaint be denied for the reasons discussed below.

## FACTUAL BACKGROUND

This action is brought to redress the deprivation by Defendants of rights secured to the Plaintiffs by the United States Constitution and Federal Statute, 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA"). At all times relevant to this action, Plaintiffs were Correction Officers at the Rensselaer County Jail (hereinafter "RCJ"). Plaintiffs' Complaint ¶ 14, 25, 33. (Annexed hereto as Exhibit A.).

In or around 2004, Defendant Mahar, Sheriff of the County of Rensselaer, instituted a policy governing the use of sick days and compensation requests by RCJ employees. Id. at ¶ 15. Defendant Mahar was responsible for and personally handled all claims for sick leave or other injury related benefits. Id. at ¶ 41. Employees deemed to be in violation of the Defendant Mahar's policy were placed on "sick abuse" status and were denied privileges and/or required to

submit a physician's note to explain his/her absence. Id. This sick day policy was not uniformly enforced upon RCJ employees. Id. at ¶ 16. In fact, employees that Sheriff Mahar did not personally like were particularly targeted and Defendant Mahar would scrutinize these employees' sick day absences. Id. Upon information and belief, one Plaintiff, Keith Hancock, was particularly targeted for use of sick days and/or compensation requests. Id. at ¶ 17, 35. The second Plaintiff, Tamara Thomas, sought workers' compensation benefits after crushing her hand in a gate. (Id. at ¶ 26-27). The final Plaintiff, Jason Dessignue, sought sick leave after suffering from a heart attack. (Id. at ¶ 34).

In March 2013, Plaintiffs received letters from Samaritan Hospital stating that information relating to the medical care they received may have been improperly accessed by employees of RCJ. Id. at ¶¶ 21, 28, 36. Samaritan Hospital also sent Plaintiffs a report detailing the dates on which their medical records were accessed. Id. at ¶¶ 22, 29, 37. These reports indicated that the computer accounts assigned to Defendant Young, a nurse at RCJ, and/or other RCJ employees, had been used to improperly access Plaintiffs' records. Id. at ¶¶ 22, 30, 37. At no time did Plaintiffs give anyone from the Rensselaer County Sheriff's Department permission to access their medical records. Id. at ¶¶ 23, 31, 39.

Upon information and belief, Sheriff Mahar personally directed other employees of the Rensselaer County Sheriff's Department (the "Sheriff's Department"), including, upon information and belief, Defendants Karam, Patricelli and Young, to improperly access Plaintiffs' medical records in order to verify the accuracy of their sick call and/or compensation requests. Id. at ¶¶ 24, 32, 40. Plaintiffs have also learned that the account of Defendant Young was used to improperly access records of other Samaritan Hospital patients, including a twelve year-old child involved in a personal injury lawsuit against two RCJ Corrections Officers. Id. at ¶ 42. The

illegality of this conduct is well-established in this judicial circuit. *See,* O'Connor v. Pierson, 426 F.3d 187, 201 (2d Cir. 2005); Doe v. City of New York, 15 F.3d 264, 267 (2d Cir. 1994) ("the right to confidentiality includes the right to protection regarding information about the state of one's health").

As a direct and proximate result of the unconstitutional invasion of their privacy, Plaintiffs have been irreparably injured. Id. at ¶ 52. Plaintiffs have also alleged, and suffered harm, in an amount greater than $5,000 as a result of the Defendants' violation of the Computer Fraud and Abuse Act (hereinafter "CFAA"). Id. at ¶ 57, and have brought this action accordingly.

## STANDARD OF REVIEW

Federal pleading standards are generally not stringent, as Rule 8 requires only a short and plain statement of the claim. Fed.R.Civ.P. 8(a)(2). The plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). In reviewing a motion to dismiss, the district court should accept all allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Id. at 572. As such, a well-pleaded complaint should be allowed to proceed even where the facts are improbable or where likelihood of recovery is very remote. New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC, 709 F.3d 109, 125 (2d Cir. 2013).

ARGUMENT

I.  PLAINTIFFS STATE A CLAIM AGAINST DEFENDANTS KARAM AND PATRICELLI FOR THEIR PERSONAL INVOLVEMENT IN, AND ACQUIESCENCE TO, THE INVASION OF PLAINTIFF'S PRIVACY.

Defendants argue that Plaintiffs' claims should be dismissed for failure to state a claim because the Plaintiffs failed to allege that Defendants Karam and Patricelli were personally involved in the deprivation of Plaintiffs' civil rights. However, Defendants' citation to Grullon v. City of New Haven, actually supports Plaintiffs' proposition that Defendants are not only liable if they are personally involved in the constitutional deprivation **but if they knew about or acquiesced to the deprivation**. 720 F.3d 133, 137 (2d Cir. 2013). See also, City of Oklahoma City v. Tuttle, 471 U.S. 808, 813 (1985) (Evidence of acquiescence is proper under 42 U.S.C. §1983).

Here, Defendants incorrectly state that Plaintiffs failed to make any factual allegations regarding Defendants Karam or Patricella's personal involvement in the deprivation of Plaintiff's rights. On the contrary, Plaintiffs specifically alleged that Defendants Karam and Patricelli were personally involved in the deprivation of Plaintiffs' rights. Id. at ¶¶ 24, 32, 40 ("Sheriff Mahar personally directed other employees … to improperly access [Plaintiffs'] medical records … including, upon information and belief, Defendants Karam, Patricelli, and Young.). Allegations raised upon "information and belief" are completely appropriate to substantiate a complaint "where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted). The Complaint details that Karam and Patricelli were supervisors at the Rensselaer County Jail; Karam headed Internal Affairs, Patricelli was the Master Sergeant. As such, Plaintiffs respectfully suggest that

they have alleged sufficient facts regarding the Defendants' personal involvement in the unconstitutional acts, to state a claim for purposes of a motion to dismiss.

Defendants also incorrectly state that Plaintiffs failed to allege a violation of a federal or Constitutional right. On the contrary, Plaintiffs specifically identified a Constitutional right in their First Cause of Action including the Fourteenth Amendment which protects a citizen's right to privacy against unreasonable government intrusion including the confidentiality of medical information. Id. at ¶ 47. Plaintiffs also alleged that Defendants' conduct violated 42 U.S.C. § 1983, given that their actions were undertaken under color of state law. Id. at ¶ 51. Finally, Plaintiffs identified a federal statute, 18 U.S.C. § 1030 (albeit by misidentifying the Statute by number in the Complaint), which grants a private right of suit, that makes it unlawful for an person to knowingly exceed authorized access to a computer database and thereby obtain information from a protected computer. Id. at ¶ 54. As such, Plaintiffs respectfully suggest that they have identified several Constitutional and federal rights that were violated by Defendants Karam and Patricelli.

II.     PLAINTIFFS STATE A CLAIM PURSUANT TO THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030.

Next, Plaintiffs' Second Cause of Action also states a claim under the Computer Fraud and Abuse Act. Pursuant to 18 U.S.C. § 1030, a civil action may be brought against persons who knowingly exceed authorized access to a computer database and thereby obtain information from a protected computer. A civil action may only be brought if the conduct involves at least one of the five following factors:

> (I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
>
> (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
>
> (III) physical injury to any person;
>
> (IV) a threat to public health or safety;
>
> (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security…

18 U.S.C. § 1030(g)(c)(4)(A)(i)(I)-(V).

Contrary to the Defendants' assertion that only factor (I) is at issue, Plaintiffs assert that both factors (I) and (II) were sufficiently placed at issue in the Plaintiffs' Complaint. Indeed, the central issue of the case is the injuries caused by the improper access of Plaintiffs' medical records which are addressed by both factors (I) and (II).

  A.    Plaintiffs State A Claim Under The First Factor Listed In 18 U.S.C. § 1030 Because Compensatory Damages Including, Pain, Suffering, Emotional Harm, And Lost Wages Are Proper To Meet The Jurisdictional Loss Threshold.

Next, Defendants argue that Plaintiffs' cause of action regarding 18 U.S.C. § 1030 should be dismissed because they fail to allege damages in excess of the jurisdictional loss threshold of

$5,000. However, Defendants rely on an outdated definition of damages which was limited to costs incurred as a result of responding to software damage such as the costs of investigating damage done to the computer or costs incurred because of repairs done to a computer. See, Nexans Wires S.A. v. Sark-USA, Inc., 319 F. Supp. 2d 468, 474 (S.D.N.Y. 2004) aff'd, 166 F. App'x 559 (2d Cir. 2006). The law regarding this issue was subsequently amended by Congress. In 2009, 18 U.S.C. § 1030(g) was amended to address changes in computer technology, particularly new computer abuse techniques. The new law provide in relevant part:

> "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain **compensatory damages and injunctive relief or other equitable relief.**" 18 U.S.C. § 1030(g) (2009).[1]

In 2009, the Second Circuit also examined this exact issue wherein they overruled a district court ruling and stated:

> "In ruling that the CFAA allows for compensation of only economic loss, the district court relied on opinions which construed an earlier version of § 1030(g), which indeed limited recovery to economic damages in most instances. See 18 U.S.C. § 1030(g) (1996)"

Garland-Sash v. Lewis, 348 F. App'x 639, 641 (2d Cir. 2009) (summary order).[2]

However, the law now recognizes that the phrase "compensatory damages" as it appears in 18 U.S.C. § 1030(g, includes damages for non-economic injuries including pain, suffering, emotional harm and economic damages including medical expenses, lost wages, and other equitable relief. Id. at 642. In this case, Plaintiffs have alleged more than sufficient facts which establish damages in excess of the jurisdictional loss threshold of $5,000. Specifically, Plaintiffs alleged damages in the form of emotional harm and lost wages. For example, Plaintiffs alleged

---

[1] The Plaintiffs plan to amend their complaint to assert a claim for injunctive relief to preclude Sheriff Mahar from continuing his illegal course of conduct in the future.
[2] The Defendants cite to the District Court's decision in Garland-Sash v. Lewis, No. 05 Civ. 6827 (WHP), 2007 WL 935013 (S.D.N.Y. March 26, 2007) without informing the Court that this decision was later vacated by the Second Circuit. Similarly, all of the Defendants' cited cases predate the amendment of the CFAA in 2009.

that Defendant Mahar directed RCJ employees, including defendants Karam, Patricelli, and Young to access Plaintiff Hancock's records to target them him for his use of sick days. Id. at ¶ 16. Defendants also engaged in similar actions with respect to Plaintiffs Tamera Thomas and Jason Dessingue which resulted in denials of such sick day and/or compensation requests. Id. at ¶ 32. Plaintiffs also alleged that as a direct and proximate result of the unconstitutional acts described above, Plaintiffs have each suffered injuries in an amount greater than $5,000. Id. at ¶ 57. For example, this threshold is clearly met by Plaintiff Thomas, whose claim for N.Y. Gen. Mun. Law § 207-c benefits as a law enforcement officer was denied when Sheriff Mahar, and someone at his direction, was delving into her medical records to deny this claim outside of the ordinary processes that would occur. These benefits are paid when law enforcement officers are injured in the line of duty. If Ms. Thomas can convince a jury that her claim was improperly denied, that would result in an award of more than $5,000.00.

As such, Plaintiffs respectfully request that the Court disregard the outdated law provided by Defendants and find, for purposes of a motion to dismiss, that Plaintiffs alleged sufficient damages to meet the jurisdiction loss threshold.

B. Plaintiffs State A Claim Under The Second Factor Because Non-Economic Compensatory Damages Are Also Sufficient To Satisfy The Second Factor Identified In 18 U.S.C. § 1030.

Contrary to the Defendants' assertion that only factor (I) is at issue, Plaintiffs assert that factor (II), which addresses the unauthorized access of medical records, is also at issue. Indeed, the central issue of the case is the injuries caused by the improper access of Plaintiffs' medical records. Section (II) provides that a civil suit may be brought where an unauthorized use of a computer results in:

> "the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals."

18 U.S.C. § 1030(c)(4)(A)(i)(II).

Although Plaintiffs did not plead that specific section in their Complaint, their entire complaint addresses the invasion of Plaintiffs' medical records. On a Motion to Dismiss, the Court should read Plaintiffs' complaint liberally, construing all facts in favor of the nonmoving party. As such, it is clear from Plaintiffs' complaint, that the second factor addressing medical records has been raised by Plaintiffs. It is also clear that the Defendants, by utilizing their illegal access to medical records in personnel actions, attempted to affect the medical treatment of the Plaintiffs. This is especially so relative to Jason Dessignue, who was rushed back to work at the Rensselaer County Jail after suffering from a heart attack. Plaintiffs note for the Court that they will seek leave to file an Amended Complaint during the pendency of this motion to address this precise issue. Regardless, their Complaint for a violation of the medical records provisions of the Computer Fraud and Abuse Act is well-founded and compelling, and should survive this Motion to Dismiss.

Moreover, because Plaintiffs have raised the second factor regarding modification or potential modification of medical records, this Court need not consider whether Plaintiffs can show economic damages. Courts have long held non-economic damages, including emotional harm and lost wages, are appropriate to satisfy the second factor. Bose v. Interclick, Inc., 2011 WL 4343517, at * 4 (S.D.N.Y. Aug. 17, 2011) (violations related to medical records are not limited to economic damages under the CFAA) (citing S. Rep No. 101–544 (1990)); In re Toys R Us, Inc., Privacy Litig., 2001 WL 34517252, at * 9 (N.D. Cal. Oct. 9, 2001) (same); Madorsky v. Does, 2006 WL 1587349, at * 3 (N.D. Ohio June 8, 2006) (violations of the medical records section allows for non-economic damages such as pain and suffering); Mortensen v. Bresnan

Commc'n, L.L.C., 2010 WL 5140454, at * 7 (D. Mont. Dec. 13, 2010) (pain and suffering such as emotional distress are permitted damage with regards to the violation of the medical records section of the CFAA).

The Plaintiffs respectfully suggest, relative to the medical records portion of the CFAA, that their complaint has pled a cause of action that should be allowed to proceed in discovery.

    C.    Plaintiffs' Damages Need Not Be Specifically Identified For Purposes Of A Motion To Dismiss And May Also Be Aggregated To Meet The Jurisdictional Threshold.

In order to survive a Motion to Dismiss with regards to claims brought under the CFAA, Plaintiffs need not specifically identify their damages but rather, may generally allege that they have suffered damages in excess of the jurisdictional threshold. McSpadden v. Caron, 2004 WL 2108394, at * 7 (W.D.N.Y. Sept. 20, 2004) (Where Plaintiff generally claimed that Defendants' acts caused him injuries in excess of $5,000.00, Defendants argued that Plaintiffs failed to present any evidence of economic loss. However, the Court held that Plaintiffs **do not need to prove** their damages at the Motion to Dismiss stage but merely needed to **allege** sufficient facts under Rule 12(b)(6)) (citing Deere & Company v. MTD Holdings Inc., 2003 WL 22439778 at *1 (S.D .N.Y. Oct. 28, 2003)). This proposition is also supported by the fact that the law was amended to include non-economic damages, including emotional harm, which is not always capable of being particularized.

Here, as explained above, Plaintiffs have alleged several facts which establish damages in excess of $5,000.00. Specifically, Plaintiffs have alleged facts which establish loss of wages and emotional harm. Id. at ¶¶ 19, 28, 32. However, even without these facts, the Court should still

decide in favor of Plaintiffs, for purposes of a Motion to Dismiss, because Plaintiffs generally alleged that they suffered damages in excess of the jurisdictional threshold. Id. at ¶ 57.

Additionally, even if the Court is hesitant as to whether the Plaintiffs' individual damages meet the jurisdictional threshold, there is no doubt that their claims, in the aggregate exceed $5,000.00. This is especially so given that the Defendants' misconduct involves multiple individuals employed by the Rensselaer County Sheriff's Department. Id. at ¶ 41. Numerous courts, which have addressed damages suffered by multiple plaintiffs, have held that Plaintiffs' claims, if not individually, in the aggregate satisfy the jurisdictional threshold. 18 U.S.C. § 1030(e)(8) (addresses losses "**aggregating** at least $5,000 in value during any 1-year period to **one or more individuals**."); S. REP. 99-432, 5, reprinted in 1986 U.S.C.C.A.N. 2479, 2482-83 ("By using one or more others, the Committee intends to make clear that losses caused by the same act may be aggregated for purposes of meeting the $1,000 threshold.")(Internal quotations omitted); In re DoubleClick Inc. Privacy Litig., 154 F. Supp. 2d 497, 524 (S.D.N.Y. 2001) (holding that § 1030(e)(8)(A) allows for aggregation of damage over victims and time for a single act); In re Toys R Us, Inc., Privacy Litig., 2001 WL 34517252, at *11 (N.D. Cal. Oct. 9, 2001).

Here, there are three Plaintiffs who individually allege that they have suffered emotional harm and lost wages as a result of the Defendants actions, and several other employees similarly affected. Id. at ¶¶ 19, 28, 32, 41. Plaintiffs assert that, at the very least, the aggregation of their claims well exceeds the jurisdictional threshold of $5,000.00. As such, Plaintiffs respectfully request, for the above-listed reasons, that the Court deny Defendants' Motion to Dismiss Plaintiffs' Second Cause of action.

III.  PLAINTIFFS STATE A CLAIM AGAINST THE COUNTY OF RENSSELAER AND JACK MAHAR BECAUSE THESE DEFENDANTS PERSONALLY URGED THE OTHER DEFENDANTS TO UNLAWFULLY INVADE PLAINTIFFS' MEDICAL RECORDS.

Contrary to the Defendants assertion, Plaintiffs may bring a vicarious liability claim under the CFAA against a defendant who "affirmatively urged or directed any of its employees or anyone else" to engage in actions which violate the statute. In fact, almost every case cited by the Defendants held that vicarious liability claims are permitted under the CFAA. Garland-Sash v. Lewis, 2007 WL 935013, at * 4 (S.D.N.Y. Mar. 26, 2007) aff'd in part, vacated in part, Garland-Sash v. Lewis, 348 F. App'x 639 (2d Cir. 2009) (Generally holding that in some circumstances, where a principal directs an agent to engage in actions in violation of the CFAA, there is a potential for vicarious liability under § 1030(g)); Nexans Wires S.A. v. Sark–USA, Inc., 319 F.Supp.2d 468, 472 (S.D.N.Y.2004) (holding that vicarious liability claims could proceed against a corporation where Plaintiff alleged that violators acted at the direction of the corporate officials); Charles Schwab & Co. v. Carter, Civ. 2005 WL 2369815, at * 7 (N.D.Ill. Sept.27, 2005) (Held plaintiff's complaint was sufficient to survive the motion to dismiss because it alleged that the employer affirmatively urged the employee to access the plaintiff's computer system beyond his authorization for their benefit); Butera & Andrews v. Int'l Bus. Machines Corp., 456 F. Supp. 2d 104, 112 (D.D.C. 2006) (dismissed Plaintiff's vicarious liability claims because she failed to allege that Corporation affirmatively urged or directed any of its employees or anyone else to take challenged actions).

For example, where a Plaintiff alleged that Defendants used its former employees' confidential login information to gain a competitive business advantage, the court held that Plaintiff alleged sufficient facts to withstand dismissal of the CFAA vicarious liability claim.

Ipreo Holdings LLC v. Thomson Reuters Corp., 2011 WL 855872, at * 8 (S.D.N.Y. Mar. 8, 2011).

Here, Plaintiffs alleged that Defendants Karam, Patricelli, and Young were directed and affirmatively urged to unlawfully access Plaintiffs' medical records by Defendant Jack Mahar, a chief policy-maker for Defendant County of Rensselaer. Id. at ¶¶ 24, 32, 40. Further, Defendant Defendant Mahar directed Defendants to engage in such actions for the benefit of Defendant County of Rensselaer in order to save the County money by using the records to deny sick leave and/or compensation requests. Id. at ¶ 50. As such, Plaintiffs respectfully suggest that, for purposes of the Motion to Dismiss, they have pled sufficient facts to support their vicarious liability claims pursuant to the CFAA.

## CONCLUSION

Wherefore, the Plaintiffs respectfully request that the Court deny Defendants Motion to Dismiss in its entirety.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated: January 20, 2014

Elmer Robert Keach, III, Esquire
LAW OFFICES OF ELMER ROBERT KEACH, III, PC
1040 Riverfront Center
P. O. Box 70
Amsterdam, NY 12010
Telephone: 518.434.1718
Telecopier: 518.770.1558
Electronic Mail: bobkeach@keachlawfirm.com

ATTORNEY FOR PLAINTIFFS
KEITH HANCOCK, TAMERA THOMAS, and JASON DESSINGUE